Nott, J.,
delivered the opinion of the court:
This is an action brought by a naval officer to recover sea pay while on board the monitor Ajax, she at the time being moored in the James River near Richmond.
The opinion of'the court in the case of Corwine (24 C. Cls. R., 104) says of this identical vessel, while lying in this identical place, “The Ajax was a vessel belonging to the United States, employed by authority of law, and being at sea in the navigable waters of the United States.” “The vessel to which the claimant was assigned was lying in port, held in reserve for sea service, and reduced in complement,” and “in a state of absolute repose, performing no function or duty.”
The only point raised by the counsel for the defendants is that the case does not come within the decisions in Symonds and Strong (120 U. S. R., 46; 125 id., 656), because in one of those cases the service which the ship was rendering was that of a training ship, and in the other that of a receiving ship. Here it is insisted that the ship was not in service.
There is a distinction between rendering service and being in service. An officer sleeping in his berth is not rendering service, but is nevertheless in service. An officer on “ shore leave” for a few hours while his vessel is in a foreign port is in sea service, though not rendering service. The sea pay does not stop because the officer chances for the moment to be on dry land. And it is so with a vessel. Ships of war in time of peace are for the greater part of the time in a condition of idleness. They sail somewhere and do nothing; they sail somewhere else and again do nothing; they return home and await orders. A ship of war may pass her entire life in a condition of readiness to serve, but of never serving.
*113 The opinion in the Corwine case does indeed say that the monitors, of which the Ajax was one, “ were not in any service.” The words have not the significance in that case which they have in this, and it is clear from the context and the whole tenor of the opinion that they were used as synonymous with being engaged in service or at the time rendering service. A ship of war afloat, manned, in a serviceable condition, and able to proceed to sea if ordered so to do, is in service, though she may need more stores and more men to make her sea service effective.
It was also said in the opinion in the Corwine case:
“It is not the mere location or condition of the ship that determines the right of pay, but the condition of the ship with reference to the sea, qualified by the further condition of being subjected to such restrictions, regulations, and requirements as are incident to service at sea.”
This language is not strictly a decision favorable to the present claimant, inasmuch as judgment went against the former claimant, for the reason that he had failed to show that he was subjected to such restrictions, regulations, and requirements as are incident to service at sea. But in the present ease the claimant has complied with the second condition, and the court now adopts the language as its decision and as accurately expressive of its opinion in this case.
The judgment of the court is that the claimant recover of the defendant the sum of $303.56.
In the case of John Q. Lovell, the facts being substantially the same as those in this case, judgment will also be entered for $514.52.