Nott, J.,
delivered the opinion of the court:
The claimant served as executive officer of the nautical school-ship St. Mary’s. While the vessel was on a cruise he was allowed sea pay; while she was in the harbor of New York he was allowed shore pay. The vessel was manned and victualed by tbe State of New York, but owned and officered by tbe United States. The officers as instructors received their directions from the nautical school committee of tbe city of New York, but were always subject to the orders of the Navy Department, and if there had been a conflict of orders would unhesitatingly have obeyed the latter. The service was nominally for tbe benefit of the State, but really tbe United States bad just tbe same interest in the ultimate object of the school — the building up of the American marine and the advancement of American seamanship. It was a kind of partnership in which both contributed to tbe cost and in which both shared in tbe general benefits.
The law of the State, by authority of which this nautical school existed, is as follows:
“ Seo. 1068. The boardof educationare authorized and directed to provide and maintain a. nautical school in said city, for the education and training of pupils in the science and practice of navigation; to furnish accommodations for said school, and make all needful rules and regulations therefor, and for tbe number and compensation of instructors and others employed therein; to prescribe tbe government and discipline thereof, and tbe terms and conditions upon which pupils shall be received and instructed therein and discharged therefrom, and provide in all things for the good management of said nautical *205 school. And the said board shall have power to purchase the books, apparatus, stationery, and other things necessary or expedient to enable said school to be properly and successfully conducted, and may cause the said school or the pupils, or part of the pupils thereof, to go on board vessels in the harbor of New York, and take cruises in or from said harbor for the purpose of obtaining a practical knowledge in navigation and of the duties of mariners. And the said board are hereby authorized to apply to the United States Government for the requisite use of vessels and supplies for the purpose above mentioned.
“ Sec. 1070. The said board of education shall appoint annually at least three of their number, who shall, subject to the control, supervision, and approbation of the board, constitute an executive committee for the care, government, and management of such nautical school, under rules and regulations so prescribed, and whose duty it shall be, among other things, to recommend the rules and regulations which they deem necessary and proper for such school.
“ Sec. 1071. After the establishment and organization of the said school, the expenses thereof, and of carrying out the provisions of this chapter, shall be defrayed from the moneys raised by law for the support of common schools in the city and county of New York.
“ Laws New York, 105 session, Yol. II.”
The law of the United States by authority of which the ship St. Mary’s was placed at the disposal of the board of education of the city of New York as a nautical school-ship is as follows:
“ That the Secretary of the Navy, to promote nautical education, is hereby authorized and empowered to furnish, upon the application in writing of the governor of the State, a suitable vessel of the Navy, with all her apparel, charts, books, and instruments of navigation, provided the same can be spared without detriment to the naval service, to be used for the benefit of any nautical school, or school or college having a nautical branch, established at each or any of the ports of New York, Boston, Philadelphia, Baltimore, Norfolk, and Sa.n Francisco, upon the condition that there shall be maintained at such port a school or branch of a school for the instruction of youths in navigation, seamanship, marine enginery, and all matters pertaining to the proper construction, equipment, and sailing of vessels, or any particular branch thereof.
“And the President of the United States is hereby authorized, when in his opinion the same can be done without detriment to the public service, to detail proper officers of the Navy as superintendents of or instructors in such schools:
“ Provided, That if any such school shall be discontinued, or the good of the naval service shall require, such vessel *206 shall be immediately restored to the Secretary of the Navy, and the officers so detailed recalled:
“ And provided further, That no person shall be sentenced to or received at such schools as a punishment or commutation of punishment for crime.
“ Act June 20, 1874 (18 Stat. L., 121).”
If the nautical school on this ship had been maintained, and for the same purposes, by the United States, instead of by the State of New York', not a doubt would exist as to the right of the officers to recover sea pay for services rendered on board of the ship while she was subject to and actually governed by seagoing rules and regulations. Such may now be considered as settled law since the decisions in Symond's Case (21 C. Cls. R., 153; 120 U. S., 46), Bishop's Case (21 C. Cls. R., 215; 120 U. S., 51), Strong's Case (23 C. Cls. R., 17; 125 U. S., 65-67), Aulick's base (27 C. Cls. R., 109).
The statute does indeed say (Rev. Stat., sec. 1571) that “no service shall be regarded as sea service except such as shall be performed at sea;” but a ship at sea does not necessarily mean, so it has been repeatedly held, a ship on the high seas. A ship officered, manned, victualed, equipped, and capable of proceeding to sea, on which seagoing service, discipline, and duty are required, though in a harbor, is, within the intent of the statute, a ship at sea. The statute does not make an arbitrary or fanciful distinction in pay. Its imperative terms were intended to do away with a constructive sea service which formerly existed; and its manifest purpose is to help officers meet the additional expenses incident to sea service as compared with shore duty.
The nature of the service, therefore, which the claimant rendered was that of sea service; and the real question in the case is whether it comes within the restriction of an additional clause in the statute, “no service shall be regarded as sea service except such as be performed at sea under the orders of a Department and in vessels employed by authority of law.” Was this service on the school-ship performed under the orders of the Navy Department and in a vessel employed by the authority of law?
Undoubtedly the school-ship on board which the claimant served was employed as a school-ship by authority of law. The Secretary of the Navy did. not act illegally when he placed *207 tbe vessel in tbis particular service. He bad statutory authority for wbat be did — tbe act -20th June, 1874, before set forth.
Tbe question, then, is narrowed down to tbis: Was tbe service performed under tbe orders of a Department? It is contended by tbe counsel for tbe defendants that tbe service was not performed under tbe orders of tbe Navy Department, but under tbe orders of tbe New York board of education or tbe executive committee of tbe nautical school.
Tbe order which placed tbe St. Mary’s on duty as a school-ship and, to a certain extent, at tbe disposal of tbe board of education, did not transfer tbe vessel to any other authority than that of tbe United States. Possession, control, discipline, and authority were all retained by tbe Government. Tbe officers doubtless carried out tbe directions of tbe board of education, but they did not do so because they were the orders of tbe board of education, but because they were sent by tbe Secretary of tbe Navy to New York to do so. If a ship were carrying a minister or envoy to foreign ports and tbe captain was ordered to sail here or there as he might be directed by tbe minister, can it be questioned whether be was sailing under orders of tbe Navy Department? If one sends bis carriage to take out a sick friend and tells tbe driver to go wherever tbe friend may direct him, is not tbe driver still acting under tbe orders of bis own master? Tbe provision was probably placed in tbe statute to prevent a person being placed on sea-service pay by any authority lower than that of a Department.
But it can not be questioned, we think, that the claimant proceeded to New York and reported to tbe commanding officer of tbe St. Mary’s and did duty upon her, and was required to live on board and wear bis uniform at all times and perform tbe duties of an executive officer on board of a ship at sea by tbe express order of tbe Secretary of tbe Navy. Tbe service which be did perform, therefore, was sea service, and was performed by tbe direct order of tbe Secretary of tbe Navy.
Tbe service which tbe claimant performed for tbe State of New York was a distinct and different thing. As executive officer be was paid by tbe United States,- as instructor in tbe nautical school be was paid by tbe State of New York. Tbe duties did not conflict; they were permitted by tbe Secretary *208 ■ of the Navy; it was doubtless understood by the Secretary of the Navy that they would be performed ; it was indeed probable that if the claimant had not been willing to perform them and thereby cooperate with the board of education he would not have been assigned to the ship; but payment for this additional service by the party which received it does not in any way relate to or affect the rate of pay at which the claimant should be paid by the United States.
The judgment of the court is that the claimant recover $780.25.